MANDELBAUM BARRETT PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@mblawfirm.com

*Proposed Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In Re:

MOXY RESTAURANT ASSOCIATES, INC.

Debtor
---------------------------------------------------------X

Chapter 11

Case No.: 24-10449-MEW

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK        )
                         )   ss.:
COUNTY OF NEW YORK       )

I, Thomas McCarthy, being duly sworn, depose and say:

1. I am a Director for Moxy Restaurant Associates, Inc. (the "Debtor"). I am familiar with the facts and circumstances as recited herein.

### Background of Debtor and Business Operations

2. The Debtor operates an Irish bar and restaurant located in midtown Manhattan doing business as Smithfield Hall ("Smithfield Hall"), primarily catering to soccer fans. This bankruptcy case was commenced as a last resort to save the restaurant from aggressive litigation

and collection tactics commenced by Ken Foley and Esther O'Mahony (collectively, "State Court Plaintiffs").

3. The Debtor was established in December 2013. It was named in a lawsuit commenced by the State Court Plaintiffs seeking damages for diversion of corporate opportunity, styled *O'Mahony v. Whiston et al.*, Supreme Court New York Index No. 6526521/2014 (the "State Court Action"). In April 2023, following a bench trial, the State Court Plaintiffs obtained a judgment against the Debtor as well as its individual board members: Gavin Whiston ("Whiston"), Thomas McCarthy ("McCarthy"), Kieron Slattery ("Slattery") for an aggregate amount exceeding $5.2 million, plus post-judgment interest. The portion of this judgment attributable to the Debtor is $3,156,317.07 (the "Judgment").[1]

4. The instant bankruptcy was prompted by aggressive collection tactics commenced by the State Court Plaintiffs. Indeed, the State Court Plaintiffs have admitted that Smithfield Hall is the Individual Defendants' most valuable asset. Notwithstanding, they filed papers seeking to impose significant restrictions on operations through a financial monitor. Further, they sought to recover transfers allegedly made by the Debtor to the wives of the Individual Defendants- salaried employees of the Debtor during the Covid-19 era who over the course of three years collectively earned less than $250,000.

5. The Debtor has attempted to settle with the State Court Plaintiffs. Unfortunately, those efforts were thwarted by the State Court Plaintiffs' impossible and unprovable assertions that the Debtor makes more money than it reports. The Debtor has fallen behind in payment to creditors. Prolonged continued litigation would certainly would have further stifled the Debtor's

---

[1] Technically, the State Court Action is in the name of Dubcork Inc., an Irish bar and restaurant owned by Mr. Foley along with the Individual Defendants. Even though the Judgment is in the amount of $3,156,317.07, Foley's economic interests in the Judgment through Dubcork Inc. are only 25%, or about $789,079.27.

cash flow, which would be to the benefit to no creditor. The instant bankruptcy is a last resort intended to maximize the value of the Debtor, which will be to the benefit of all creditors. With the "breathing spell" afforded by the automatic stay provisions of the Bankruptcy Code, the Debtor intends to reorganize.

**Additional Information Pursuant to Local Rule 1007-2(a)**

6. This case was not originally commenced under chapter 7 or 13. Local Rule 1007-2(a)(2).

7. No committee was organized prior to the order for relief. Local Rule 1007-2(a)(3).

8. The Debtor's 20 largest unsecured creditors are listed on Exhibit A. Local Rule 1007-2(a)(4).

9. The Debtor has no secured creditors. Local Rule 1007-2(a)(5).

10. Based on its most recent tax return, the Debtor had about $633,000 in assets (book value). The Debtor has about $3.6 million in liabilities including the Judgment. Local Rule 1007-2(a)(6).

11. There are no classes of stock or other securities held by the public. Local Rule 1007-2(a)(7).

12. None of the Debtor's assets are in the possession of third parties. Local Rule 1007-2(a)(8).

13. The Debtors operates from leased space at 138 W 25th St, New York, NY 10001. Local Rule 1007-2(a)(9).

14. The Debtor's assets are located at the Smithfield Hall, and its books and records are located there and in the cloud on Quickbooks. Local Rule 1007-2(a)(10).

15. The State Court Plaintiffs are aggressively attempting to collect the Judgment from the Debtor, e.g., by seeking to have a financial monitor installed. Other than that, there are no actions or proceedings where a judgment against the Debtors or a seizure of property may be imminent. Local Rule 1007-2(a)(11)

16. The names of the individuals who comprise senior management for the and their tenure, are: Thomas McCarthy, Kieron Slattery, and Gavin Whiston. Each is a Director of the Debtor, and each has been with the Debtor since its inception. Local Rule 1007-2(a)(12).

17. The estimated amount of the bi-weekly payroll to employees (exclusive of officers and directors) (not including deductions for taxes) for the 30 day period following the commencement of the case is $50,000. Local Rule 1007-2(b)(1).

18. In the next 30 days as part of our regular salaries, the directors of the Debtor (Messrs. Slattery, Whiston, and me) will receive in aggregate $18,400. Local Rule 1007-2(b)(2)(A).

19. The Debtor have not retained a financial or business consultant. Local Rule 1007-2(b)(2)(C). The Debtor intends to retain Elton Lalaj at Lalaj CPA PC as its accountants.

20. The estimated cash flow for the Debtor for the 30-day period following the bankruptcy case, as well as an estimate of any accrued but unpaid expenses for that time period, is attached as Exhibit B.

_____
Thomas McCarthy

Notary Public

Sworn to be re me this _____ day of _____

4877-0482-7567, v. 1

impose significant restrictions on operations through a financial monitor. Further, they sought to recover transfers allegedly made by the Debtor to the wives of the Individual Defendants – salaried employees of the Debtor during the Covid-19 era who over the course of three years collectively earned less than $250,000.

5. The Debtor has attempted to settle with the State Court Plaintiffs. Unfortunately, those efforts were thwarted by the State Court Plaintiffs' impossible and unprovable assertions that the Debtor makes more money than it reports. The Debtor has fallen behind in payment to creditors. Prolonged continued litigation would certainly would have further stifled the Debtor's cash flow, which would be to the benefit to no creditor. The instant bankruptcy is a last resort intended to maximize the value of the Debtor, which will be to the benefit of all creditors. With the "breathing spell" afforded by the automatic stay provisions of the Bankruptcy Code, the Debtor intends to reorganize.

### Additional Information Pursuant to Local Rule 1007-2(a)

6. This case was not originally commenced under chapter 7 or 13. Local Rule 10072(a)(2).

7. No committee was organized prior to the order for relief. Local Rule 1007-2(a)(3).

8. The Debtor's 20 largest unsecured creditors are listed on Exhibit A. Local Rule 1007-2(a)(4).

9. The Debtor has no secured creditors. Local Rule 1007-2(a)(5).

10. Based on its most recent tax return, the Debtor had about $633,000 in assets (book value). The Debtor has about $3.6 million in liabilities including the Judgment. Local Rule 1007-2(a)(6).

11. There are no classes of stock or other securities held by the public. Local Rule 1007-2(a)(7).

12. None of the Debtor's assets are in the possession of third parties. Local Rule 1007-2(a)(8).

13. The Debtors operates from leased space at 138 W 25th St, New York, NY 10001. Local Rule 1007-2(a)(9).

14. The Debtor's assets are located at the Smithfield Hall, and its books and records are located there and in the cloud on Quickbooks. Local Rule 1007-2(a)(10).

15. The State Court Plaintiffs are aggressively attempting to collect the Judgment from the Debtor, e.g., by seeking to have a financial monitor installed. Other than that, there are no actions or proceedings where a judgment against the Debtors or a seizure of property may be imminent. Local Rule 1007-2(a)(11)

16. The names of the individuals who comprise senior management for the and their tenure, are: Thomas McCarthy, Kieron Slattery, and Gavin Whiston. Each is a Director of the Debtor, and each has been with the Debtor since its inception. Local Rule 1007-2(a)(12).

17. The estimated amount of the bi-weekly payroll to employees (exclusive of officers and directors) (not including deductions for taxes) for the 30 day period following the commencement of the case is $50,000. Local Rule 1007-2(b)(1).

18. In the next 30 days as part of our regular salaries, the directors of the Debtor (Messrs. Slattery, Whiston, and me) will receive in aggregate $18,400. Local Rule 1007-2(b)(2)(A).

19. The Debtor have not retained a financial or business consultant. Local Rule 1007-2(b)(2)(C). The Debtor intends to retain Elton Lalaj at Lalaj CPA PC as its accountants.

20. The estimated cash flow for the Debtor for the 30-day period following the bankruptcy case, as well as an estimate of any accrued but unpaid expenses for that time period, is attached as Exhibit B.

_____
Thomas McCarthy

Notary Public
Sworn to be re me this 22nd day of March 2024

ARLENE N RAMLALL
Notary Public - State of New York
NO. 01RA6245917
Qualified in Nassau County
My Commission Expires Aug 8, 2027

4877-0482-7567, v. 1

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor name: Moxy Restaurant Associates, Inc.

United States Bankruptcy Court for the: Southern District of New York

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Dubcork Inc. 299 Broadway 1820 New York, NY, 10007 | | | | | | 3,156,317.07 |
| 2 | Foley, Ken 30-67 42d Street Apt 3-R Astoria, NY, 11103 | | | | | | 153,523.92 |
| 3 | U.S. Small Business Administration 409 3rd St Washington, DC, 20416 | | | | | | 104,474.00 |
| 4 | NYS Dept of Taxation and Finance Bankruptcy Section PO Box 5300 Albany, NY, 12205 | | Taxes & Other Government Units | | | | 59,603.00 |
| 5 | Chase Bank 71 W. 23d Street New York, NY, 10010 | | Monies Loaned / Advanced | | | | 52,628.00 |
| 6 | NYS Dept of Taxation and Finance Bankruptcy Section PO Box 5300 Albany, NY, 12205 | | Taxes & Other Government Units | | | | 33,226.00 |
| 7 | Southern Glazer's of NY Metro PO Box 3143 Hicksville, NY, 11802 | | | | | | 16,764.00 |
| 8 | US Foods Inc. PO Box 641871 Pittsburgh, PA, 15264-1871 | | | | | | 14,464.72 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

Debtor: Moxy Restaurant Associates, Inc.  
Case number (*if known*): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 9 | Manhattan Beer Distributors<br>955 E. 149th Street<br>Bronx, NY, 10455 | | | | | | 11,049.90 |
| 10 | McCarthy, Thomas<br>24 Haymaker Lane<br>Levittown, NY, 11756 | | Monies Loaned / Advanced | | | | 10,000.00 |
| 11 | AFCO Insurance Premium Finance<br>5600 North River Road<br>Suite 400<br>Des Plaines, IL, 60018 | | | | | | 8,488.88 |
| 12 | Mulligan, Garry<br>15 Cox Ave<br>Yonkers, NY, 10704 | | Wages, Salaries, Commissions | | | | 2,342.56 |
| 13 | Mackin, Kevin B<br>6632 58th Ave<br>Maspeth, NY, 11376 | | Wages, Salaries, Commissions | | | | 2,211.30 |
| 14 | Holman, Earl S<br>305 E 21st St<br>Apt 5<br>New York, NY, 10010 | | Wages, Salaries, Commissions | | | | 2,208.32 |
| 15 | O' Doherty, Edward<br>13 Vreeland Ave<br>East Rutherford, NJ, 07073 | | Wages, Salaries, Commissions | | | | 2,144.78 |
| 16 | Empire Merchants<br>16 Bridgewater Street<br>Brooklyn, NY, 11222 | | | | | | 2,034.95 |
| 17 | New York State Insurance Fund<br>NYSIF Workers Compensation<br>PO Box 5519<br>Binghamton, NY, 13902-5519 | | | | | | 1,938.34 |
| 18 | Becerra, Jose<br>1071 St Nicolas Ave<br>New York, NY, 10032 | | Wages, Salaries, Commissions | | | | 1,911.15 |
| 19 | Wachter, Marah<br>47 W 34 St<br>New York, NY, 10001 | | Wages, Salaries, Commissions | | | | 1,836.80 |
| 20 | Ingoldsby, Daniel J<br>47 W 34th St<br>New York, NY, 10001 | | Wages, Salaries, Commissions | | | | 1,672.27 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 2

# EXHIBIT B

# Moxy Restaurant Associates Inc.
## Monthly Budget
## For the month of April 2024

| | | |
|---|---|---:|
| **Income** | | |
|   Sales including sales tax and tips | $ | 425,000 |
| **Total Income** | | **425,000** |
| | | |
| **Cost of Goods Sold** | | |
|   Food/Liquor/Beverage Costs | | 153,346 |
|   Merchant Cost | | 10,625 |
| **Total Cost of Goods Sold** | | **163,971** |
| **Gross Profit** | | **261,029** |
| | | |
| **Expenses** | | |
|   Bank & Finance Charges | | 1,000 |
|   Insurance | | 11,417 |
|   Legal & Professional | | 5,000 |
|   Linens | | 1,340 |
|   Employees Wages & Salaries incl. tips/benefits | | 100,000 |
|   Officers' Salaries | | 18,400 |
|   Payroll Taxes & Payroll Benefits | | 14,500 |
|   Rent & Lease | | 35,216 |
|   Repair & Maintenance | | 4,200 |
|   Restaurant Supplies | | 9,750 |
|   Sales Tax Expense | | 29,267 |
|   Security | | 3,280 |
|   Software Subscriptions | | 1,200 |
|   Utilities | | 11,450 |
| **Total Expenses** | | **246,020** |
| | | |
| **Net Operating Income Before Servicing of Accrued and Unpaid Liabilities** | $ | **15,009** |